and the weight of the evidence. The testimony of Risser and Dashiell would seem to make it clear that appellee should not be held liable on these notes. On the other hand, that of appellant and her husband would seem to establish the contrary. Upon the whole case, and with due regard to all the surrounding circumstances, the court is inclined to think the finding of the circuit court was right. Judgment affirmed. Opinion by Baker, J. Judge below, O. T. Reeves. Attorneys, for appellant, Mr. O. G. Bartlett and Messrs. Kay & Euans; for appellee, Mr. Thos. P. Bonfield. Opinion filed February 20, 1886.

No. 1414. Hoobler v. Kuhns. This was an action of assumpsit by the appellee against the appellant to recover a claim for the payment of one third of a decree rendered jointly in the circuit court against appellant, appellee and one Jacob Phillips. It appears that the appellee, appellant and Jacob Phillips were administrators of the estate of William O. Hoobler, deceased. That in the final settlement of the estate the three administrators were short in their accounts, and that after final report, which was untrue, David H. Hoobler, one of the heirs, prosecuted his suit in chancery in the circuit court against the three administrators to recover such shortage, which resulted in his obtaining a decree against them for the sum of $979.45 and costs of suit, and that afterward each of the said administrators paid one third of said decree, and one third of the costs. The appellee's suit was based on the charge that during the time the administrators were settling the estate the appellant managed all the business, received and handled all the money, and made the reports to the court; that appellee signed the reports, believing them to be true; that such reports proved to be false; that the appellant had collected the amount of the decree, which he retained and did not inventory, and had converted to his own use without the knowledge or consent of the appellee. The suit resulted in a verdict and judgment for appellee against appellant for $365.68. This appeal is taken to reverse the judgment, which it is claimed is manifestly against the weight of the evidence. Upon an examination of the evidence the court affirms the judgment. Opinion by Lacey, P. J. Judge below, N. J. Pillsbury. Attorneys, for appellant, Messrs. McIlduff & Tov-

RANE; for appellee, Messrs. H. N. RYAN and Mr. A. E. HARD-ING. Opinion filed April 5, 1886.

No. 1337. Moline Paper Co. v. Union Printing Co. This was assumpsit by appellant, against appellee. A jury was waived, and the cause tried before the court; and the finding and judgment were for the latter. During the years 1880 and 1881, and the first half of 1882, the printing company purchased paper from the Moline Paper Company to the amount of between $5,000 and $6,000, and various payments were made thereon. Appellant claims that $306.02 is still due, while appellee insists the account has been settled, and paid in full. The difference between the parties is made up of items for paper, charged by the paper company, and not credited by the printing company. It is assigned, and relied on as an error, that the county court admitted improper testimony offered by appellant, and that the finding was against the weight of the evidence. An objection is urged to one of the statements made by the witness, W. J. Harold, that it does not state a fact, but is a mere illustration. This witness testified that the paper received at the printing office usually came by team, but that when only one or two bundles were sent, they came by street car; that invoices were not received with the paper sent by street car, but that the teamster always brought invoices with the paper delivered by team; that when the items were checked off they did not always show the same amount as that brought by the teamster; that " if there were two bundles sent by street car the invoices would call for thirty bundles, and there would only be twenty-eight in the load," and that he knew as a matter of fact that such instances as this occurred during the time he was in the employment of the printing company whenever appellant sent paper by street car. The court is of opinion that the objection to this testimony is not well taken. On the 19th day of July, 1881, appellee wrote a letter to appellant in which it was said : " Enclosed find our check, No. 236, for $54.70 which balances our account to date." Morgan, the cashier, by whom the letter was written, testified that this remittance " balanced our account, with the exception of that which we were buying on ninety days time. " Mr. Everett Wheelock, secretary and treasurer of the paper company, was introduced as a witness